UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT G., <br><br>              Plaintiff, <br><br>    v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br>              Defendant. | CASE NO. C19-1720-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1968.[1] He has a high school diploma and two years of college education, and previously worked in information technology. (AR 172-73.)

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

Plaintiff applied for DIB in November 2013. (AR 159-60.) That application was denied and Plaintiff timely requested a hearing. (AR 108-10, 114-20.)

In April 2015, ALJ Larry Kennedy held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 33-80.) In December 2015, the ALJ issued a decision finding Plaintiff not disabled. (AR 21-33.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review (AR 1-5), making the ALJ's decision the final decision of the Commissioner.

Plaintiff appealed this final decision of the Commissioner to this Court, which reversed the ALJ's decision and remanded for further administrative proceedings. (AR 516-37.) The ALJ held another hearing in May 2019 (AR 475-90), and subsequently issued a decision finding Plaintiff not disabled. (AR 430-47.) Plaintiff now seeks review of this decision.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity during the adjudicated period, running from the alleged onset date of October 1, 2011, through March 31, 2014, his date last insured (DLI). (AR 434.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found that through the DLI, Plaintiff's cognitive disorder v. neurodevelopmental disorder, dysthymic disorder v. depressive disorder, somatic disorder, anxiety-related disorder, and post-traumatic stress disorder (PTSD) were severe impairments. (AR 434-36.) Step three asks whether

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 2

a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 436-38.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found that through the DLI, Plaintiff was capable of performing light work with additional limitations: he could occasionally balance, stoop, kneel, and crouch. He could never climb ladders, ropes, or scaffolds. He could never climb ramps or stairs. He could never crawl. He should avoid concentrated exposure to hazards and heights. He could perform simple, routine tasks and follow short, simple instructions. He could do work that needs little or no judgment and could perform simple duties that could be learned on the job in a short period. He required a work environment that is predictable and with few work setting changes. He required a work environment with minimal supervisor contact. He could work in proximity to co-workers but not in a cooperative or team effort. He required a work environment that has no more than superficial interactions with co-workers, and no public contact. (AR 438.) With that assessment, the ALJ found Plaintiff unable to perform any past relevant work. (AR 445.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to other representative occupations, such as mail room clerk, marking clerk, and small parts assembler. (AR 445-46.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a

whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in failing to elicit VE testimony at the 2019 administrative hearing, and in assessing the opinion of an examining psychologist. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

<u>Medical evidence</u>

David Moore, Ph.D., performed a consultative psychological examination of Plaintiff in March 2014 and wrote a narrative report describing his symptoms and limitations. (AR 307-16.)

In the prior decision, the ALJ explained that he gave little to no weight to Dr. Moore's opinion, finding it inconsistent with Plaintiff's treatment record and daily activities, noting that Dr. Moore himself found that Plaintiff's report was inconsistent with the treatment records he reviewed. (AR 31.) In light of these inconsistencies, the ALJ posited that Dr. Moore relied on Plaintiff's self-report in formulating his opinion. (*Id.*)

In the prior court remand order, the court found error in the ALJ's assessment of Dr. Moore's opinion, finding that the ALJ had erroneously rejected Dr. Moore's PTSD diagnosis at step two and that the reasons provided by the ALJ for discounting Dr. Moore's opinion were not sufficiently specific or legitimate. (AR 524-30.)

In the current decision, the ALJ again gave little to no weight to Dr. Moore's opinion. (AR 443.) The ALJ found that Dr. Moore had not reviewed the entire treatment record (and thus must

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

have relied on Plaintiff's self-reporting), and Dr. Moore himself noted that Plaintiff's report contradicted the few records he did review: Dr. Moore noted that Plaintiff alleged experiencing hallucinations, but had denied experiencing hallucinations to his treating therapist, and that Plaintiff's description of his work history was inconsistent with the prior therapeutic interventions. (*See* AR 308-11.)  The ALJ also found that Plaintiff's daily activities (specifically attempting to start his own business, playing computer games all day, working for eight hours/day writing a book, and collecting unemployment benefits) require or suggest some ability to maintain concentration, persistence, and pace. (AR 443.)  Lastly, the ALJ found that Dr. Moore's opinion was undermined by post-DLI evidence confirming that Plaintiff had not consistently sought treatment for his mental symptoms (AR 443 (citing AR 763)), and showing that Plaintiff denied experiencing some of the symptoms he had reported to Dr. Moore, such as nightmares and auditory hallucinations.  (AR 443-44 (citing AR 940).)

      Plaintiff argues that the ALJ reiterated or merely repackaged the same reasoning that was previously found to be insufficient. Dkt. 24 at 7-16.  Plaintiff glosses over the differences between the prior and current decisions, however.  In the current decision, the ALJ listed both PTSD and an anxiety-related disorder as severe impairments at step two, which addresses much of the prior court's concerns about the ALJ's assessment of Dr. Moore's opinion.  (*See* AR 434, 524-28.) Furthermore, the ALJ more specifically discussed Dr. Moore's lack of familiarity with the longitudinal record, pointed to inconsistencies between Plaintiff's symptom reporting to Dr. Moore and his reports to other providers, and noted that Plaintiff had not consistently sought treatment for his mental conditions.  These reasons are specific, legitimate bases to discount Dr. Moore's opinion.  *See* 20 C.F.R. §§ 404.1527(c)(6), 416.927(c)(6); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

opinion and the medical record); *Evans v. Berryhill*, 759 Fed. Appx. 606, 608 (9th Cir. Jan. 7, 2019) (affirming an ALJ's rejection of a treating physician's opinion in part because plaintiff "received only sporadic treatment for his condition"). Thus, even if the Court excludes the ALJ's other reasoning as insufficient per the prior court remand order, the ALJ provided other independent legally sufficient reasons to discount Dr. Moore's opinion and therefore did not err.

<u>Step five</u>

At step five, the Commissioner bears the burden to show that a claimant is not disabled because he or she can perform other work that exists in significant numbers in the national economy. 20 C.F.R. § 416.960(c)(2). In this case, the ALJ relied on the VE's testimony at the prior hearing in 2015 as evidence that Plaintiff could perform the representative occupations of mail room clerk, marking clerk, and small parts assembler. (AR 446.) Plaintiff argues that the ALJ's failure to elicit VE testimony at the 2019 hearing was erroneous for two reasons.

First, Plaintiff suggests that the 2015 VE testimony was stale, and the ALJ's reliance on it "assumes that the VE's testimony regarding jobs available which the Plaintiff could perform did not change in a period of four years." Dkt. 24 at 3. This argument is not persuasive, particularly because the period adjudicated by the ALJ was already remote at the time of the 2015 hearing: the ALJ's decision addresses the period from October 1, 2011, through March 31, 2014. (*See* AR 446-47.) Plaintiff has cited no authority, and the Court is not aware of any, requiring an ALJ to elicit new VE testimony even if the RFC remains unchanged since the prior hearing. Instead, the Court is aware of courts holding the opposite. *See, e.g.*, *Paulson v. Astrue*, 368 Fed. Appx. 758, 760 (9th Cir. Feb. 26, 2010); *see also G.O. v. Saul*, 2020 WL 5653186, at *18 (N.D. Cal. Sep. 23, 2020); *Baker v. Colvin*, 2014 WL 1406441, at *1, 5-6 (D. Or. Apr. 9, 2014). Thus, under these

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

circumstances, the Court finds no error in the ALJ's reliance on prior VE testimony elicited in response to an identical RFC hypothetical.

Plaintiff's second argument is also unpersuasive: Plaintiff argues that he was deprived of his opportunity to cross-examine the VE at the remand hearing. Dkt. 24 at 4. But when asked at the hearing whether counsel planned to present any additional testimony or obtain any additional evidence, counsel explained that because a hearing had been conducted before and the period adjudicated was remote, no further development was necessary. (AR 479-80.) Plaintiff had an opportunity to cross-examine the VE at the first hearing (AR 72-79), and the ALJ relied on that VE testimony in the current decision (AR 446). Plaintiff has not shown that he was erroneously deprived of an opportunity to cross-examine a VE who did not testify at the 2019 hearing.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 13th day of January, 2021.

Mary Alice Theiler
United States Magistrate Judge